IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
MAY 0 4 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

*In re* Application of

CFE International LLC,

        Applicant,

Arbor Glen Consulting, LLC,

        Respondent.

Case No. 1:22-mc-429 LY

**APPLICANT'S MOTION TO FILE EX PARTE AND UNDER SEAL**

Dated: May 4, 2022

REED SMITH LLP
401 Congress Avenue
Suite 1800
Austin, TX 78701

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

*Attorneys for Applicant CFE International LLC*

Pursuant to Local Court Rule CV-5.2 and CV-7(c), applicant CFE International LLC ("CFEi") moves to file the above-captioned action *ex parte* and under seal in its entirety until the requested subpoenas, if granted, have been successfully served on Arbor Glen Consulting, LLC ("Arbor Glen"), at which time CFEi will move to unseal the action.

## I. PROCEDURAL BACKGROUND

On April 20, 2022, in a related proceeding, *In re Ex Parte* Application for Order Pursuant to 28 U.S.C. § 1782 Permitting CFE International LLC to Issue a Subpoena for the Taking of a Deposition and the Production of Documents from Antaeus Group LLC, No. 1:22-cv-365, the Court sealed CFEi's *ex parte* application and related papers and requested that CFEi file a motion to seal, which CFEi subsequently filed on April 26, 2022. For substantially the same reasons as in that proceeding, CFEi respectfully moves to file this action *ex parte* and under seal until the requested subpoenas, if granted, have been served upon Arbor Glen.

## II. THIS APPLICATION SHOULD BE FILED UNDER SEAL

Whether to seal a judicial filing lies within the discretion of the court. *June Med. Servs., LLC* v. *Phillips*, 22 F.4th 512, 519 (5th Cir. 2022). In order to determine whether documents should be sealed, a court must balance the public's right to access against the interests favoring non-disclosure. *Id.* at 521. "[T]he right to inspect ... judicial records is not absolute." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). As the Fifth Circuit has held, there are well-recognized situations in which sealing should be granted. *Fed. Sav. & Loans Ins. Corp.* v. *Blain*, 808 F. 2d 395, 399 (5th Cir. 1987).

This sealing motion presents such a situation. Here, the public has a very low interest in accessing the discovery requests at issue here. *See Leucadia, Inc.* v. *Applied Extrusion Techs.,*

*Inc.*, 998 F.2d 157, 164-65 (3d Cir. 1993) (holding that there is no presumptive right to public access to materials filed in connection with discovery motions); *see also Food Delivery Holding 12 S.A.R.L.* v. *DeWitty & Assocs. CHTD*, 2021 WL 860262, at *1 (D.D.C. Mar. 8, 2021) (granting Section 1782 motion to seal in part because "[t]he need for public access to judicial documents is at a low ebb when discovery materials are at issue.")

Such a weak presumption of access should yield to the countervailing and higher values presented here of protecting against possible spoliation of evidence to be used in a Mexican criminal investigation raising allegations of corruption. *See Grupo México S.A.B. de C.V.*, No. 14-mc-00073-G-BH, Doc. #39 (N.D. Tex. Feb. 25, 2015) (attached hereto as Exhibit 1) (Section 1782 application filed *ex parte* and under seal to ensure that service would not be avoided and critical evidence sought would not be altered or destroyed prior to authorization of discovery); *see also In re Bank of Montreal*, No. 11-mc-00179-P1, Doc. #s 4, 5 (S.D.N.Y. May 19, 2011) (attached hereto as Exhibits 2 and 3) (request to seal Section 1782 application granted where there existed a risk of dissipation of evidence sought in subpoenas). Premature notice of the application or the discovery requests in this matter may prompt Arbor Glen to take steps to destroy or remove evidence relevant to this matter from this Court's jurisdiction. Thus, sealing is warranted here.

Moreover, this sealing motion meets the additional standard set out in *June Medical Services,* which held that when "sealing is necessary, it must be congruent to the need." 22 F.4th at 521. In order to ensure that the sealing here is "congruent to the need," and no more, CFEi respectfully requests that the action be sealed only until the requested subpoenas, if granted, have been successfully served on Arbor Glen, at which time CFEi will promptly move this Court to unseal the action. This practice mirrors that of the U.S. District Court for the Northern District of Texas in *Grupo México S.A.B. de C.V., supra*, in which that Court permitted the applicant to file

2

its section 1782 application *ex parte* and under seal until service of the subpoenas. *Grupo México S.A.B. de C.V.*, No. 14-mc-00073-G-BH, Doc. #s 38, 39 (N.D. Tex.) (Doc. # 38 attached hereto as Exhibit 4) (motion and brief explaining that court had previously permitted filing of section 1782 application *ex parte* and under seal, and proposing unsealing upon service of subpoena); *id.*, Doc. #53 (attached hereto as Exhibit 5) (order granting unsealing application).

### III. THIS APPLICATION SHOULD BE FILED *EX PARTE*

The Court should also grant this application *ex parte*. Applications under Section 1782 are frequently addressed on an *ex parte* basis. *In re Application of Eurasian Bank Joint Stock Co.*, 2015 WL 6438256, at *2 (N.D. Tex. Oct. 21, 2015) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to Section 1782 *ex parte*") (quoting *Gushlak v. Gushlak*, 486 F. App'x 215, 217, 2012 WL 2549813 (2d Cir. Jul. 3, 2012)); *see also In re Frederick*, 2020 WL 5742772, at *3, n.2 (W.D. Tex. Sept. 24, 2020) (same). Courts in the Fifth Circuit routinely grant Section 1782 applications on an *ex parte* basis where the application is for issuance of subpoenas and the substantial rights of the subpoenaed entity are not implicated by the application. *In re Application of Eurasian Bank Joint Stock Co.*, 2015 WL 6438256, at *1. *See also In re Akhmedova*, 2020 WL 6376651, at *4 (W.D. Tex. Oct. 30, 2020) (granting *ex parte* Section 1782 application); *In re Ex Parte Application of Grupo Mexico SAB de CV for an Ord. to Obtain Discovery for Use in a Foreign Proceeding*, 2015 WL 12916415 (N.D. Tex. Mar. 10, 2015), *aff'd sub nom. Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573 (5th Cir. 2016) (granting *ex parte* Section 1782 application in aid of foreign proceeding in Mexico).

Here, premature notice of this application or the discovery requests may prompt Arbor Glen to take steps to remove evidence relevant to this matter from this Court's jurisdiction. The *ex parte* relief sought here is limited in scope—issuance of subpoenas to Arbor Glen for a

3

deposition and production of documents—and does not adversely affect Arbor Glen's rights: Arbor Glen may, if it chooses, move to quash or modify the subpoena once served. *See In re Application of Eurasian Bank Joint Stock Co.*, 2015 WL 6438256, at *1.

## IV. CONCLUSION

For the reasons set forth above, CFEi requests that the Court grant its motion to file all papers in this action *ex parte* and under seal only until the requested subpoenas, if granted, have been successfully served on Arbor Glen, at which time CFEi will move to unseal the action.

Dated: May 4, 2022

REED SMITH LLP

*/s/ William W. Russell*
William W. Russell
Texas Bar No. 00794573
401 Congress Avenue
Suite 1800
Austin, TX 78701

Reed Smith LLP
811 Main Street, Suite 1700
Houston, Texas 77002
Phone 713.469.3800
wrussell@reedsmith.com

- and -

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
Michael E. Gertzman (*pro hac vice* pending)
Mark F. Mendelsohn (*pro hac vice* pending)
Harris Fischman (*pro hac vice* pending)
Justin D. Lerer (*pro hac vice* pending)
Maria H. Keane (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019-6064

*Attorneys for Applicant CFE International LLC*