# EXHIBIT 1

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 FEB 25   PM 12: 51

DEPUTY CLERK_____ NT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **GRUPO MÉXICO S.A.B. DE C.V.** | § § § § § | **Misc. Civil Action No.**<br>**3:14-MC-00073-G-BH**<br><br>**Filed Under Seal** |

## MEMORANDUM OF LAW IN SUPPORT OF
## GRUPO MÉXICO'S MOTION TO UNSEAL THE CASE

GRUPO MÉXICO S.A.B. DE C.V. ("Grupo México") submits this Memorandum of Law in Support of its Motion to Unseal the Case, and would show as follows:

## I.      INTRODUCTION

Grupo México hereby requests this Court to unseal the case file because the initial reason warranting restriction of access ceases to exist.  Records should be unsealed when the need for sealing expires.

On May 9, 2014, Grupo México filed an *ex parte* application for an order directing discovery in aid of foreign proceeding pursuant to 28 U.S.C. § 1782.  *See Ex Parte* Application and Memorandum of Law in Support, Docket No. 1.  Section 1782 permits restriction of access to the applicant and the Court; the respondent receives notice and an opportunity to object after the Court grants the application.  Indeed, it is not uncommon for a Section 1782 application to be filed *ex parte*.  *See In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1303 (S.D. Fla. 2011).  And, under Local Civil Rule 79.3, this Court allows any document to be filed under seal that a statute requires or permits to be so filed.

The Court granted the *ex parte* application on October 27, 2014, and ordered respondents Highland Capital Management, L. P. ("Highland") and SAS Asset Recovery, Ltd. ("SAS") (collectively "the Respondents"), to produce all documents and communications responsive to Grupo México's subpoenas.  *See* Sealed *Ex Parte* Order, Docket No. 5.  Grupo México served its subpoenas on October 24, 2014 ("the Highland subpoena") and November 7, 2014 ("the SAS subpoena").[1]  *See* Highland and SAS Subpoenas and Proofs of Service, Docket Nos. 6-7.

Once the Court granted the *ex parte* application, and Grupo México served its subpoenas on the Respondents, the rationale behind the seal expired.  Because the power to seal court

---

[1]      On January 15, 2015, the Court ruled that SAS was served properly.  *See* the Court's Order dated January 15, 2015, Docket No. 20 and Transcript of the January 15, 2015 Oral Argument, 43:20-44:5.

records should be used sparingly, and because the Mexican court may need to be informed of this section 1782 proceeding, the case should be unsealed.

## II.   ARGUMENT

**1.   THE REASON BEHIND THE SEALING OF THE *EX PARTE* APPLICATION HAS EXPIRED, AND THE NATURE OF THIS SECTION 1782 PROCEEDING WEIGHS IN FAVOR OF ACCESS**

Both the Supreme Court and the Fifth Circuit have made it clear that all documents filed in federal court are presumptively unsealed. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("the courts of this country recognize a general right to inspect and copy . . . judicial records and documents"); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981). The decision as to access is left to the discretion of the trial court. *Nixon*, 435 U.S. at 599. Although the presumption is "not absolute," *id.* at 598, "[t]he district court's discretion to seal the record of judicial proceedings is to be exercised charily," *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987) (citation omitted).

The *ex parte* application necessarily restricted access, but the continued sealing of the case is no longer warranted. All parties have been served and are active case participants. In addition, the Mexican court may need to be informed of these section 1782 proceedings and access the case file.

### A.   The Default Posture Of Access Should Govern

In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 599, 602 (court must consider "relevant facts and circumstances of the particular case"); *Belo*, 654 F.2d at 430. A failure to show that the countervailing interests outweigh the public's right of

access "means that the default posture of public access prevails." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1181-82 (9th Cir. 2006).

The pressing need for evidence propelled Grupo México's *ex parte* application, which it filed under seal pursuant to Section 1782 because it was an *ex parte* matter. Secrecy was intended to ensure that service would not be avoided and the critical evidence being sought would not be altered or destroyed prior to a court order authorizing discovery. Without commenting on whether those goals were achieved, the reasons for filing under seal no longer apply. Any reason initially relied upon to restrict access dissipated once the Court granted the *ex parte* application and both Highland and SAS were served.

The very nature of this proceeding instead provides a compelling reason in favor of disclosure and access. Grupo México availed itself of 28 U.S.C. § 1782 as a vehicle for conducting discovery in the United States for use in a foreign proceeding. The statute is designed to assist both foreign tribunals and litigants before such tribunals, and indeed, the Mexican court here may need to be informed of these proceedings. It is no secret that Grupo Mexico has sought the discovery because it believes that Highland and/or SAS are necessary parties in the Mexican litigation. That is an issue of Mexican law that the Mexican court will decide. Because the case file may assist a foreign tribunal, which is a purpose contemplated by Section 1782, and there are no other countervailing interests, the Court should resort to the default posture of access.

**B.     Sealing Should be No More Extensive Than Necessary**

The scope of a seal must be narrowly tailored and supported by reasons reinforcing the need for secrecy. "When courts find that a privacy interest justifies restricting the public's access, they restrict access in a way that will minimize the burden on the public's right, such as

by sealing or redacting only those records that contain sensitive information." *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 517-18 (E.D. La. 2005) (citations omitted). "'A blanket sealing order . . . would rarely, if ever, be appropriate.'" *Id.* at 518 (additional citation omitted) (quoting *T.K. & R.K. v. Waterbury Bd. of Educ.*, No. Civ. 303CV1747, 2003 WL 22909433, at *1 (D. Conn. Oct. 19, 2003)).

Indeed, records are often sealed for a temporary purpose and may be unsealed when the need for sealing expires. *See United States v. Antar*, 38 F.3d 1348, 1362 (3d Cir. 1994) ("once an overriding interest initially necessitating closure has passed, the restrictions must be lifted"); *Phoenix Newspapers, Inc. v. U.S. Dist. Court*, 156 F.3d 940, 948 (9th Cir. 1998) ("consistent with history, case law requires release of transcripts when the competing interests precipitating hearing closure are no longer viable"). The Court "need not document compelling reasons to *unseal*; rather the proponent of sealing bears the burden with respect to sealing." *Kamakana*, 447 F.3d at 1181-82 (emphasis added).

Neither party can meet the heavy burden justifying the continued sealing of the parties' papers. The subject matter of the case does not warrant secrecy; Grupo México is merely seeking to discover which party is controlling and has an interest in the Mexican proceeding. But *every* document filed in this case has been sealed. That is especially problematic where, as here, the initial reason warranting restriction of access ceases to exist and the Mexican court may have an interest in accessing the case file. Therefore, because a seal should be used sparingly, the restrictions on the case should be lifted.

2.     **UNSEALING THE RECORD SERVES A PRACTICAL PURPOSE**

In addition to providing access to the Mexican court, unsealing the record also serves a practical purpose for the parties. Thus far, the parties have been required to file all documents in

person in hard copy, which employs more time and resources than electronic filing. In addition, the sealed docket entries are not available to the parties on PACER making it difficult to conveniently access court records. Unsealing the record would allow the parties to file electronically and access the docket entries on PACER.

### III.   CONCLUSION

WHEREFORE, Grupo México respectfully requests that the Court grant its motion to unseal the case.

DATED: February 25, 2015                     Respectfully submitted,


                                              SIDLEY AUSTIN LLP


                                              By: _____
                                                   Steven R. Selsberg
                                                   sselsberg@sidley.com
                                                   State Bar No. 18021550
                                                   Wells Fargo Plaza
                                                   1000 Louisiana Street
                                                   Suite 6000
                                                   Houston, TX 77002
                                                   Telephone: (713) 495-4506
                                                   Facsimile: (713) 495-7799

                                                   Michelle Hartmann
                                                   mhartmann@sidley.com
                                                   State Bar No. 24032402
                                                   Jacqueline Palma Malafa
                                                   jmalafa@sidley.com
                                                   State Bar No. 24079102
                                                   2001 Ross Avenue, Suite 3600
                                                   Dallas, Texas 75201
                                                   Telephone: (214) 981-3300
                                                   Facsimile: (214) 981-3400

                                                   *Attorneys for Grupo México S.A.B. de C.V.*

## CERTIFICATE OF CONFERENCE

I hereby certify to the Court that counsel for the parties have complied with the meet and confer requirement in Local Rule 7.1.

The personal conference required by Local Rule 7.1 was conducted by email on February 24, 2015 between Steven R. Selsberg, on behalf of Grupo México, and Katy Sheppard, on behalf of Highland and SAS. Counsel for Highland and SAS informed counsel for Grupo México that this motion would not be opposed if the parties entered into a confidentiality agreement, and that she would draft one. However, Ms. Sheppard would not commit to a date to produce a draft and the material terms of the confidentiality agreement have not been discussed.

_____

Steven R. Selsberg

## CERTIFICATE OF SERVICE

On this 25th day of February, 2015, the foregoing document and its attachments were manually filed with the Clerk of Court, U.S. District Court, for the Northern District of Texas. Service will be made in accordance with Federal Rule of Civil Procedure 5(b)(2) upon counsel for Highland and SAS as follows:

Scott S. Hershman
ssh@lhlaw.net
Roger L. Mandel
Rlm@lhlaw.net
Katy J. Sheppard
kls@lhlaw.net
Lackey Hershman, L.L.P.
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201
(214) 560-2203 (Fax)

_____

Steven R. Selsberg