IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

MAY 24 2022

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                     DEPUTY

*In re Ex Parte* Application of

CFE International LLC,

        Applicant,

Arbor Glen Consulting, LLC,

        Respondent.

Case No. 1:22-mc-00429-LY-ML

**APPLICANT'S MOTION TO UNSEAL THE CASE**

Dated: May 24, 2022

REED SMITH LLP
401 Congress Avenue
Suite 1800
Austin, TX 78701

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

*Attorneys for Applicant CFE International LLC*

Pursuant to Local Court Rule CV-5.2 and CV-7(c), applicant CFE International LLC ("CFEi") files this Motion to Unseal the above-captioned action in its entirety.

## I.   PROCEDURAL BACKGROUND

On May 4, 2022, CFEi filed an application for an order seeking discovery from Arbor Glen Consulting, LLC ("Arbor Glen"), pursuant to 28 U.S.C. § 1782 [the "1782 Application"]. The 1782 Application sought the right to issue certain subpoenas for evidence in support of a Mexican criminal investigation raising allegations of corruption. CFEi simultaneously filed a motion to file the 1782 Application *ex parte* and under seal. In that motion, CFEi specifically requested that the Court seal the action in its entirety until the subpoenas requested in the 1782 Application "have been successfully served on [Arbor Glen], at which time CFEi will move to unseal the action." This action was referred to Magistrate Judge Lane on May 9, 2022. On May 10, 2022, the Court granted the 1782 Application, granting CFEi leave to serve the subpoenas and ordering Arbor Glen to "comply with such subpoenas in accordance with and subject to its rights under the Federal Rules of Civil Procedure and the Rules of this Court." On that same date, the Court also granted CFEI's motion to file the 1782 Application *ex parte* and under seal. The subpoenas were served on Arbor Glen's registered agent for service of process in Texas on May 23, 2022, and the returns of service were filed on May 24, 2022. *See* Subpoena to Appear and Testify - Return of Service - filed on May 24, 2022 attached and incorporated herein as Exhibit 1, and Subpoena to Produce Documents - Return of Service - filed on May 24, 2022 attached and incorporated herein as Exhibit 2.

## II.   ARGUMENT

In its motion to file the 1782 Application *ex parte* and under seal, CFEi requested that this action be sealed only until the requested subpoenas had been served on Arbor Glen. In accordance

1

with the motion, now that the subpoenas have been served on Arbor Glen, CFEi requests that the action be unsealed. The basis for filing the 1782 Application *ex parte* and under seal was that premature notice of the application or the discovery requests sought therein might prompt Arbor Glen to destroy or remove evidence relevant to this matter from this Court's jurisdiction. Now that the subpoenas have been served, the grounds for sealing the action no longer exist and the public's right to access judicial records should prevail.

Records are often sealed for a temporary purpose and may be unsealed when the need for sealing expires. *See United States v. Antar,* 38 F.3d 1348, 1362 (3d Cir. 1994) ("once an overriding interest initially necessitating closure has passed, the restrictions must be lifted"); *Phoenix Newspapers, Inc. v. US. Dist. Court,* 156 F.3d 940, 948 (9th Cir. 1998) ("consistent with history, case law requires release of transcripts when the competing interests precipitating hearing closure are no longer viable."). The Court "need not document compelling reasons to unseal...." *Kamakana,* 447 F.3d at 1181-82.

Therefore, now that the "interest initially necessitating closure has passed" in this case, "the restrictions must be lifted." *Antar,* 38 F.3d at 1362. Further, under the same reasoning, this Court recently unsealed CFEi's action seeking related discovery for use in the same proceeding. *See* Order Granting Mot. to Unseal Case, *In Re Ex Parte Application of CFE International LLC* ("Antaeus Group"), No. 22-mc-365-LY-ML (W.D. Tex. May 17, 2022), ECF No. 24.

Unsealing the record would also provide efficiencies to the Court, the Clerk, and to the parties. Unsealing the record would allow the parties to file electronically and access the docket entries on PACER, which would provide greater efficiency and usability for the Court, the Clerk, and the parties. Additionally, the parties to the Mexican criminal case—which the 1782

2

Application was designed to support—need to be informed of these section 1782 proceedings. *See In re Akhmedova*, No. 5-20-MC-1099-JKP-RBF, 2020 WL 6376651, at *4 (W.D. Tex. Oct. 30, 2020) (ordering disclosure of subpoena to parties to underlying foreign litigation once § 1782 petition granted).

For these reasons, CFEi respectfully requests that the Court grant its motion to unseal this action.

Dated: May 24, 2022

        REED SMITH LLP

        /s/     William W. Russell
        William W. Russell
        Texas Bar No. 00794573
        401 Congress Avenue
        Suite 1800
        Austin, TX 78701

        Reed Smith LLP
        811 Main Street, Suite 1700
        Houston, Texas 77002
        Phone 713.469.3800
        wrussell@reedsmith.com

        - and -

        PAUL, WEISS, RIFKIND,
          WHARTON & GARRISON LLP
        Michael E. Gertzman (*pro hac vice*)
        Mark F. Mendelsohn (*pro hac vice*)
        Harris Fischman (*pro hac vice*)
        Justin D. Lerer (*pro hac vice*)
        Maria H. Keane (*pro hac vice*)
        1285 Avenue of the Americas
        New York, New York 10019-6064

        *Attorneys for Applicant CFE International LLC*

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby Certify that the foregoing instrument was served on the following party via hand delivery:

Arbor Glen Consulting, LLC,
through its Registered Agent, United States Corporation Agents
9900 Spectrum Drive
Austin, Texas 78717

/s/ William W. Russell
William W. Russell